IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DEANE BROWN** | * |
| | * |
| **v.** | * |
| | * Civil No. JKS 09-92 |
| **MICHAEL J. ASTRUE** | * |
| **Commissioner of Social Security** | * |
| | * |

**MEMORANDUM OPINION**

Plaintiff Deane Brown (Brown) brought this action pursuant to 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claims for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-433, and Supplemental Social Security Income (SSI) payments under Title XVI of the Act, 42 U.S.C. §§ 1382 *et seq.* The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition. Brown's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Brown's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

**1. Background.**

Brown filed applications for DIB and SSI on November 2, 2004, alleging, after amendment at the hearing, an onset of disability on February 1, 2005. (R. 465-66). Following denial of her claims initially, and on reconsideration, an Administrative Law Judge (ALJ) held a hearing on September 1, 2006. (R. 451). On November 27, 2006, the ALJ found that Brown was not disabled within the meaning of the Act. (R. 9-22). The Appeals Council denied Brown's request for review, rendering the ALJ's determination the final decision of the Commissioner of Social Security. (R. 5-7).

2. **ALJ's Decision.**

The ALJ evaluated Brown's DIB and SSI claims using the five-step sequential process set forth in 20 C.F.R. §§ 404.1520 and 416.920. First, the ALJ determined that Brown has not engaged in substantial gainful activity since her alleged onset date. (R. 14). At step two, the ALJ concluded that Brown has the severe disorders of lumbar degenerative disc disease and depressive disorder. (R.14). At step three the ALJ determined that Brown's impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 15-16). Evaluating Brown's residual functional capacity (RFC) at step four, the ALJ found that Brown has the ability to perform a limited range of work at the light exertion level and is unable to perform any of her past relevant work. (R. 16, 19). At step five, the ALJ found, based on vocational expert (VE) testimony, that jobs exist in significant numbers in the national economy that Brown can perform. (R. 20-22). As a result, the ALJ determined that Brown was not disabled within the meaning of the Act. (R. 22).

3. **Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456

(4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. Discussion.**

Brown raises three issues in her appeal. First, she claims that the ALJ did not properly assess her RFC; second, she claims that the ALJ did not properly assess her credibility, and third, she claims that the ALJ did not properly develop the administrative record.

A. The ALJ Properly Assessed Brown's RFC.

Brown alleges that the ALJ failed to set forth a narrative discussion citing medical facts to support his RFC assessment. RFC is the most work an individual can do, despite her limitations, for 8 hours a day, 5 days a week. 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1); Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *2. The ALJ must make the RFC determination at step four of the sequential evaluation process after considering all of the relevant medical and non-medical evidence. 20 C.F.R. §§ 416.920(e) and 416.945. The regulations provide the following guidelines for how an ALJ should determine a claimant's RFC:

> When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.

20 C.F.R. §§ 404.1545(b) and 416.945(b). The RFC determination must include a function-by-function assessment based upon the claimant's functional limitations and ability to do work-related activities, and must be based on all of the relevant evidence in the record. Soc. Sec. Ruling 96-8p at *3. The ALJ must address both the exertional and nonexertional capacities of the individual. Soc. Sec. Ruling 96-8p at *5-6. The evaluation must also include a narrative

3

discussion describing how medical facts and non-medical evidence support the ALJ's conclusion. *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003); Soc. Sec. Ruling 96-8p at *7.

In assessing Brown's RFC, the ALJ discussed in narrative form the medical evaluations and reports of Drs. McLaren and Fawcett as well as Brown's hearing testimony and her prior reports of her ability to perform activities of daily living. The ALJ also assessed Brown's credibility prior to determining her RFC. (R. 17-19). The ALJ's discussion fully and logically explains the evidence which is consistent with the ALJ's determination that Brown can perform light and sedentary work with limitations. The ALJ's function-by-function assessment and narrative discussion were proper, and the determination of Brown's RFC is supported by sufficient evidence.

Brown also contends that the ALJ rejected all of the medical opinions, thus having no basis for the RFC assessment, and substituted his judgment for the treating physician's opinion. However, although the ALJ, as was his prerogative, rejected the treating physician's conclusory statements regarding Brown's total disability, he nevertheless relied on the treating physician's objective medical findings and facts. The allegation that the ALJ determined the severity of Brown's condition based solely on its correlation with the intrusiveness of the treatment similarly fails. While the ALJ noted the conservative nature of Brown's treatment, that factor was not dispositive. Rather, the ALJ placed great reliance on the objective medical evidence and Brown's reports of her daily activities, thus properly evaluating pertinent medical and other evidence in determining Brown's RFC.

B.   The ALJ Properly Assessed Brown's Credibility.

Brown contends that the ALJ improperly required her to produce objective evidence of the intensity and persistence of her alleged pain. ALJs must follow a two-step process for evaluating whether a person is disabled by pain or other symptoms. *Craig v. Chater*, 76 F. 3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine that objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual symptoms alleged. 20 C.F.R. § 404.1529(b). Once the claimant makes this threshold showing, the ALJ must evaluate the extent to which these symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity than is shown by objective medical evidence. Soc. Sec. Ruling 96-7p, 1996 WL 374186. To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for pain, medications she consumes, and any other factors contributing to functional limitations due to pain. *Id.* at *5. The ALJ's opinion as to credibility should be given great weight because he had the "opportunity to observe the demeanor and to determine the credibility of the claimant." *Shively v. Heckler,* 739 F.2d at 989-90.

In this case, the ALJ determined that while Brown's medically determinable impairments satisfied the threshold inquiry because they could reasonably be expected to produce the symptoms alleged, her statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (R. 17-18). First, the ALJ noted that the objective medical findings did not support the extreme limitations alleged; specifically, reports from Brown's

5

treating physician that her gait was normal and that she was without edema of the extremities or acute distress. (R. 17). Such reports were consistent during examinations between April 29, 2002, and August 9, 2005. (R. 229-35, 240-71). After noting that these findings indicated that Brown's alleged limitations were not credible, the ALJ noted that her reports of daily living activities included light housework, yard work including tree trimming, exercise, walking and using public transportation, and shopping for several hours. (R. 18). The ALJ opined that these activities also supported the conclusion that Browns' allegations of extreme limitations were not credible. (R. 18). Accordingly, the allegation that the ALJ found Brown less than fully credible based solely on the lack of objective evidence fails; rather, the ALJ properly relied upon the lack of objective evidence along with other factors in making that decision.

C.  The ALJ Properly Developed the Administrative Record.

Brown argues that the ALJ failed to properly develop the administrative record by failing to obtain updated records from one of Brown's treating physicians. A claimant bears the primary responsibility for presenting evidence which establishes her disability. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); 20 C.F.R. §§ 404.1512(a), (c) and 416.912(a), (c). However, the ALJ also has a duty to make reasonable efforts to develop the claimant's medical records prior to making a determination regarding the individual's disability. *See, e.g., Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986); 20 C.F.R. §§ 404.1512(d); 416.912(d).

Brown alleges that obtaining Dr. Coronel's treatment records through January 2005, was insufficient because Brown reported that she treated with him until 2006. However, as with other issues, Brown's accuracy in regard to when she last treated with Dr. Coronel is questionable; she variously reported that her treatment with him began in 2003, (R. 107), and in 1997. (R. 113). In addition, she twice told the ALJ during her hearing that Dr. McLaren was the

6

physician from whom any additional records should be sought. (R. 471, 475). Finally, although Brown bears the burden of demonstrating the severity of her condition, *see Pass* v. *Chater,* 65 F.3d at 1203, Brown fails to show that more recent evidence from Dr. Coronel exists, or, more to the point, that such records would indicate an increase in the severity of her condition. As noted, Dr. McLaren's treatment records show that Brown's condition remained stable through August of 2005. Accordingly, there is no basis for a finding that the ALJ lacked sufficient evidence to make a determination as to Brown's disability or had a duty to obtain additional evidence.

**5. Conclusion.**

For the foregoing reasons, Brown's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted. A separate Order will be entered.

Date:  August 10, 2010                                             /S/                      
                                                                            JILLYN K. SCHULZE
                                                                            United States Magistrate Judge